UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 21-cr-00407-DLF |
| v. : | |
| : | |
| DANIEL JOHNSON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

The United States respectfully opposes Defendant Daniel Johnson's motion for modification of his conditions of release (ECF No. 90). After recently violating his conditions of release, Daniel Johnson now seeks to modify those conditions to (1) allow contact with his father, a convicted felon, who is also currently on supervised release, and (2) allow him to visit his grandparents who live in a separate home on the same property. But Daniel Johnson has not specified any change in circumstance, or provided new information, that would justify the need for modification of his release conditions. Daniel Johnson's release conditions, including home detention and no contact with his father, strike a reasonable balance between allowing Daniel Johnson to maintain employment and manage his pending criminal case in Iowa, while ensuring the safety of the community and his girlfriend, who he is accused of assaulting.

## BACKGROUND

On January 4, 2022, Daniel Johnson and Daryl Johnson each pled guilty to one count of obstructing law enforcement during a civil disorder, 18 U.S.C. § 231(a)(3). Both Daniel Johnson and Daryl Johnson rushed a line of police officers defending the East Rotunda Doors, helping to push the doors open and allowing rioters to stream into the U.S. Capitol on January 6, 2021. *See*

1

ECF Nos. 37, 38, 39, and 40. The Court sentenced Daniel Johnson to four months' imprisonment and one year of supervised release, and Daryl Johnson to 30 days' imprisonment and one year of supervised release. *See* ECF Nos. 70, 72.

On February 1, 2024, Daniel Johnson was charged with domestic abuse assault in Mitchell County, Iowa. *See State v. Johnson*, No. SRCR026981. According to a statement taken by the Mitchell County Sheriff's Office, Daniel Johnson threw a beer bottle at his girlfriend and then grabbed and pushed his girlfriend into a garage railing. An Iowa court issued a no-contact order, finding probable cause that Daniel Johnson committed domestic abuse assault. Daniel Johnson was subsequently charged with interference with official acts and violating the no-contact order. *See State v. Johnson*, SMCR026983, SMCR026986. Trial on the domestic abuse assault charge was recently continued from April 24, 2024 to June 5, 2024.

On February 9, 2024, U.S. Probation filed a petition for Daniel Johnson's arrest, alleging three violations of supervised release. *See* ECF No. 86. Two weeks later, Daniel Johnson was arrested in Iowa for his alleged violations of supervised release. At his initial appearance, the U.S. District of Court for the Northern District of Iowa determined Daniel Johnson to be a risk of nonappearance and a danger to the community.

On March 21, 2024, this Court held a status conference, releasing Daniel Johnson into the custody of his mother with home detention and GPS monitoring. *See* ECF No. 89. A revocation hearing has been continued pending the state court proceedings in Iowa.. Because the defendant's alleged conduct would constitute a Grade C violation of his supervised release, he potentially faces a guidelines range of 4 to 10 months' imprisonment and an additional term of supervised release. *See* U.S.S.G. § 7B1.4(a).

Since being placed on home detention, U.S. Probation in the Northern District of Iowa reports that Daniel Johnson is working 2 to 3 days per week for Weather Shield Roofing in Minnesota. He is helping his mother on the other days of the week at family-owned laundromats subject to appropriate verification by U.S. Probation. Daniel Johnson now seeks to modify his conditions of release to allow him to communicate with his father, Daryl Johnson. Recently, in early February, Daryl Johnson was released from prison after serving a 10-month sentence. The U.S. District Court in the Northern District of Iowa imposed that sentence after revoking Daryl Johnson's supervised release on the civil disorder charge. In July 2023, Daryl Johnson ultimately pled guilty to three counts of invasion of privacy for peeping on nude or partially nude women at a tanning salon owned by the Johnson family. Despite maintaining active employment, Daniel Johnson seeks to work for his father's business and claims, in a conclusory fashion, that he must be allowed to discuss "job requirements and so forth." ECF No. 90 ¶ 4. Daniel Johnson also seeks an exception to his home detention so that he can visit his grandparent's house near the "shop apartment," work on renovations to the grandparents' house, and assist his grandparents with undefined chores. ECF No. 90 ¶ 5.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 32.1(a)(6), after a person is held in custody for violating supervised release, the court may release or detain a person under 18 U.S.C. § 3143(a)(1) pending further proceedings. "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). Under § 3143(a)(1), if the court determines that the person should be released, then the court must order release in accordance with 18 U.S.C. §§ 3142(b), (c). This includes the "least restrictive . . . combination of conditions" that "will reasonably assure the

appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). The Court may at any time amend the order to impose additional or different conditions of release. *Id.* § 3142(c)(3).

## ARGUMENT

Daniel Johnson has not specified any change in circumstance that would justify the need for modification of his release conditions. In setting the conditions of release, the Court must impose the "least restrictive condition or combination of conditions" available to reasonably ensure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). This Court struck a reasonable balance when it placed Daniel Johnson on home detention and GPS monitoring. The current conditions allow him to maintain employment and manage his pending criminal case in Iowa, while ensuring the safety of the community and compliance with the no-contact order (which Daniel Johnson was accused of violating on February 10). But Daniel Johnson now seeks "home detention lite" so, at any time, he can visit his grandparents' home which is located near his current residence. But the defense cites no new information about these circumstances that could not have been presented at the March 21 status conference. It was known at the time of the status conference that Daniel Johnson's apartment is "in close proximity to the home of his grandparents." ECF No. 90 ¶ 2. And Daniel Johnson's grandparents remain free to walk "just steps away on the same property" to visit him while he is on home detention. *Id.* ¶ 3. There is no suggestion that Daniel Johnson's grandparents are physically unable to do so. Thus, continuing home detention—while Daniel Johnson still poses a danger to his girlfriend and is pending trial on charges of domestic abuse—is entirely appropriate.

Daniel Johnson also seeks to modify his release conditions so that he can communicate with his father, Daryl Johnson, a convicted felon. One of the standard conditions states that Daniel

Johnson "must not knowingly communicate or interact with [a convicted felon] without first getting the permission of the probation officer." ECF No. 70 at 4. Generally, "criminal defendants are frequently subjected to 'substantial liberty restrictions as a result of the operation of our criminal justice system.'" *United States v. Trump*, 88 F.4th 990, 1006 (D.C. Cir. 2023) (quoting *United States v. Salerno*, 481 U.S. 739, 749 (1987)). Such "conditions commonly include measures that burden criminal defendants' ability to act, associate, and speak." *Id.* Here, U.S. Probation in the Northern District of Iowa reasonably determined that Daniel Johnson should not have contact with his father for the time being. The family situation over the last several months has been unstable and volatile. After committing serious offenses at the family-owned tanning salon, Daryl Johnson was released from prison in early February and is now serving another term of supervised release. Meanwhile, in early February, Daniel Johnson was arrested and charged with domestic abuse assault. This no-contact condition is not permanent, but it is warranted considering that Daryl Johnson may not be an appropriate influence on his son at this time (and vice versa).

Moreover, given these circumstances, it is not clear why Daniel Johnson needs to work for his father. Daniel Johnson is maintaining active employment with a company in Minnesota and his mother at family-owned laundromats, subject to appropriate verification by U.S. Probation. And if Daryl Johnson regularly needs to access tools and equipment at the "shop apartment," then Daniel Johnson should not be living there.[1] Daniel Johnson and Daryl Johnson may return to freely interacting with one another by complying with their release conditions (which Daniel Johnson failed to do and his father before him) and demonstrating to U.S. Probation that the relationship

---

[1] According to U.S. Probation, the Johnson family owns another house in St. Ansgar, Iowa approximately five miles away from his parents and grandparents, which may be more suitable.

5

will not lead to further compliance issues. But at this stage the situation is unchanged, and the Court should therefore decline to modify the release conditions.

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court deny Daniel Johnson's motion to modify his conditions of release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: April 19, 2024        By:   */s/ Jake E. Struebing*
                                    Jake E. Struebing
                                    Assistant U.S. Attorney
                                    D.C. Bar No. 1673297
                                    U.S. Attorney's Office for the District of Columbia
                                    601 D Street, N.W.
                                    Washington, D.C. 20530
                                    Phone: (202) 252-6931
                                    Email:  Jake.Struebing@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, on April 19, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

By:     /s/ Jake E. Struebing
JAKE E. STRUEBING
Assistant U.S. Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
D.C. Bar No. 1673297
(202) 252-6931
Jake.Struebing@usdoj.gov