IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 21-cr-00407-DLF-02 |
| | : | |
| DANIEL JOHNSON, | : | |
|     Defendant. | : | |

MOTION FOR AUTHORIZATION TO PARTICIPATE BY
VIRTUAL TECHNOLOGY BY THE DEFENDANT FOR THE
FINAL REVOCATION HEARING SCHEDULED FOR AUGUST 26, 2024

COMES NOW, Defendant Daniel Johnson, by and through his counsel Allen H. Orenberg and, and hereby respectfully requests the entry of an Order authorizing the defendant, Daniel Johnson, to participate by virtual technology ("Zoom") during the final revocation hearing scheduled for August 26, 2024.

As grounds, the following is stated.

## BACKGROUND

1.  The government opposes this motion, per AUSA Jake Strubeing.

2.  A final revocation hearing is scheduled for August 26, 2024, at 10:30 a.m., in courtroom No. 14. The Court has ordered Mr. Johnson (and counsel) to personally appear.

3.  Mr. Johnson lives in St. Ansgar, Iowa. He currently 30-40 hours weekly as an hourly wage laborer for "Weathershield Home Experts." He makes this request to appear virtually for the final revocation hearing in order to: (1) Avoid

extraordinary expenses associated with air-far travel and hotel costs if he must personally appear in Court on August 26, 2024, and (2) to minimize the loss of needed income. If he is required to personally appear in Court on August 26, 2024, he will be unable to work on August 26-27, 2024, resulting in no income for those two days.

## ARGUMENT

In the view of the defense, the issue is whether the use of videoconferencing to conduct a supervised (final) release revocation hearing violates Fed. R. Crim. Pro. 32.1. This appears to be a question of first impression.

**I.     The Supreme Court Established a Presumption that Defendants' Rights under the Federal Rules of Criminal Procedure are Waivable, which includes Fed. R. Crim. Pro. 32.1.**

The Supreme Court has established that "[t]he provisions of those Rules are presumptively waivable…." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995); *see also United States v. Burch*, 156 F.3d 1315, 1320 (D.C. Cir. 1998) (applying the presumption to the admissibility of previously withdrawn guilty plea and discussions).

Against this backdrop, Fed. R. Crim. Pro. 32.1 governs supervised release revocation hearings. It provides, in relevant part:

> Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is *entitled* to: (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to

>appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation."

Fed. R. Crim. Pro. 32.1(b)(2) (emphasis added).

First, "entitled" is a synonym with "right." *Compare* Oxford English Dictionary[1] (defining "entitled" as "to give (a person or thing) a rightful claim *to* a possession, privilege, designation, mode of treatment, etc.") (emphasis in original); *with id* (defining "right" as a "[l]egal entitlement or justifiable claim (on legal or moral grounds) to have or obtain something, or to act in a certain way; the advantage or profit deriving from this.") (alteration added). Therefore, Mr. Johnson may waive these five entitlements, just like any other right.

Second, the rule "entitles" a person to appear—it does not "require" a person to appear. Therefore, any entitlement—just like any right—may be waived by the defendant. *See Mezzanatto*, 513 U.S. at 201; *Burch*, 156 F.3d at 1320.

**II.     Defendant's Presence under Fed. R. Crim. Pro. 43 May not Apply to Revocation of Supervised Release under Fed. R. Crim P. 32.1.**

As far as counsel is aware, the U.S. Court of Appeals for the District of Columbia has not considered the differences between Fed. R. Crim. Pro. 32.1

---

[1] Available at https://www.oed.com/dictionary/entitle_v?tab=meaning_and_use#5499358

(Revoking or Modifying Probation or Supervised Release) and Fed. R. Crim. Pro. Rule 43 (defendant's Presence) But the Court of Appeals for the Seventh Circuit has, which explained:

> Thompson argues that a supervised-release revocation hearing at which the judge may impose a prison term is indistinguishable from an initial sentencing proceeding. Accordingly, he reasons, Rule 43 applies to revocation hearings, and because Rule 43 requires the defendant's physical presence before the judge, the district court was prohibited from conducting the revocation hearing by videoconference. This argument misses the mark. The problem is not with Thompson's contention that Rule 43 requires the physical presence of all participants in the same courtroom; he may well be right that it does, although we need not decide today whether to join the consensus among the circuits on this point. Instead, the flaw in Thompson's argument is its assumption that Rule 43 applies to revocation hearings. By its own terms, Rule 43 governs only "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury empanelment and the return of the verdict; and (3) sentencing." If Rule 43 were meant to apply to revocation hearings, it would say so explicitly. Indeed, the Advisory Committee Notes to Rule 43 explain that the rule does not apply to "hearings on motions made ... after trial." Fed.R.Crim.P. 43 advisory committee's note 1. A supervised-release revocation hearing is obviously a posttrial proceeding.
>
> Nor, as Thompson asserts, is the revocation of supervised release the precise equivalent of a sentencing hearing; the rights at stake in each proceeding are distinguishable. The Supreme Court long ago noted that "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Because a revocation hearing is not part of a criminal prosecution, a defendant at a revocation hearing is not owed the "full panoply of rights" due a defendant at sentencing. *Id.* Although the

revocation hearing is sometimes referred to colloquially as a "resentencing," the controlling statute does not use that term; instead, 18 U.S.C. § 3583(e)(3) authorizes the court, once a violation of supervised release is proven, to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute." By its terms-and based on the well-established difference in the procedural scope of these proceedings-Rule 43 is inapplicable to supervised-release revocation hearings.

*United States v. Thompson*, 599 F.3d 595, 598–99 (7th Cir. 2010). Therefore, the procedures under Fed. R. Crim. Pro. 43, which requires a defendant to appear before the Court, may not apply to supervised release revocation hearing procedures under Fed. R. Crim. Pro. 32.1, which does not require a defendant to appear before the Court.

### III. Under Other Federal Rules of Criminal Procedure, Videoconferencing is Available.

The Federal Rules of Criminal Procedure expressly permit videoconferencing during initial appearances and arraignments as long as the defendant consents. *See* Fed. R. Crim. Pro. 5(f) (initial appearances); Fed. R. Crim. Pro. 10(c) (arraignments).

### IV. This Court has Previously Approved Videoconferencing during the COVID-19 Pandemic.

This Court has previously allowed video teleconferencing for supervised release revocation proceedings. *See* ORDER IN RE: USE OF VIDEO

TELECONFERENCING AND TELECONFERENCING FOR CERTAIN CRIMINAL AND JUVENILE DELINQUENCY PROCEEDINGS.[2]

Specifically, the order authorized "the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available in the following ten federal criminal proceedings, with the consent of the defendant after consultation with counsel…. (F) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure…." *See id.*

### V. This Court's Local Rules do Not Create Procedures for Supervised Release Revocation Hearings.

Local Rule 32.1 states that "[i]n resentencing a probation violator the procedures governing initial sentencing decisions shall apply." LCrR 32.1(d) (alteration added). Here, a final hearing on revocation of supervised release is at issue—not probation. There does not appear to be any local rule about the procedures for the revocation of supervised release.

WHEREFORE, for the foregoing reasons and such other reasons which may appear just and proper, Daniel Johnson respectfully requests the entry of an Order authorizing him to participate by virtual technology ("Zoom") during the final revocation hearing scheduled for August 26, 2024.

---

[2] The order is available at https://www.dcd.uscourts.gov/sites/dcd/files/COVID-19%20Standing%20Order%2020-17.pdf

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, LLC
200-A Monroe Street, Suite 233
Rockville, Maryland 20850
Tel. No. 301-807-3847
Fax No. 240-238-6701
aorenberg@orenberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2024, a copy of the foregoing Motion for Authorization to Participate by Virtual Technology by the Defendant for the Final Revocation Hearing Scheduled for August 26, 2024, and a proposed Order, was delivered to case registered parties by the CM/ECF court system.

_____
Allen H. Orenberg