UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 21-cr-00407-DLF |
| v. : | |
| : | |
| DANIEL JOHNSON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSTION TO DEFENDANT'S
MOTION FOR AUTHORIZATION TO PARTICIPATE BY
VIRTUAL TECHNOLOGY FOR THE FINAL REOVCATION
<u>HEARING SCHEDULED FOR AUGUST 26, 2024</u>**

The United States respectfully opposes Defendant Daniel Johnson's motion to appear virtually for the final revocation hearing scheduled for August 26, 2024 (ECF No. 98). The parties have reached a stipulation of facts (ECF No. 97-1) and no longer require a contested evidentiary hearing under Fed. R. Crim. P. 32.1(b)(2). But this Court must still impose a sentence for the defendant's violations. If the Court re-sentences the defendant on August 26, then that proceeding should occur in person for the reasons set forth below.

The standard principles of statutory interpretation apply to federal rules, including the Federal Rules of Criminal Procedure. and this Court must begin with the text. *See In re Capitol Breach Grand Jury Investigations Within the District of Columbia*, 339 F.R.D. 1, 9 (D.D.C. 2021). The text of Rule 32.1 does not expressly provide for videoconferencing. The defendant points out that Rule 5(f) and Rule 10(c) permit videoconferencing if the defendant consents. But there is no such express permission under Rule 32.1. Indeed, the Advisory Committee never adopted a proposed amendment to Rule 32.1 that would have authorized the Court to permit the defendant to appear by video conference upon request. *See United States v. Thompson*, 599 F.3d 595, 601

n.5 (7th Cir. 2010). The fact that "videoconferencing is permitted only pursuant to a specifically enumerated exception and with the defendant's consent demonstrates that the use of this technology is the exception to the rule, not the default rule itself." *Id.* at 600-01.

The defendant nonetheless argues that his procedural rights, including those under Rule 32.1, are waivable. That may be true. The defendant may voluntarily and knowingly waive his rights under Rule 32.1, including the right to appear at the revocation hearing. *See United States v. Melton*, 782 F.3d 306, 311 (6th Cir. 2015). But that is not the end of the matter.

After the revocation hearing and finding that the defendant has violated his conditions of release by a preponderance of the evidence, the Court must still impose a sentence. Rule 32.1(d) states that the Court's disposition of the case is governed by 18 U.S.C. § 3583 in the case of a supervised release violation. Section 3583(e), in turn, gives the Court authority to re-sentence the defendant after considering the factors set forth in 18 U.S.C. § 3553(a). Local Criminal Rule 32.1(d) also addresses "resentencing" and explicitly provides that "[i]n resentencing a probation violator *the procedures governing initial sentencing decisions shall apply*" (emphasis added). Local Criminal Rule 32.1(d) has the force of law in this district. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015); *see also Bush v. Washington Metropolitan Transit Authority*, No. 19-cv-930 (JEB), 2020 WL 921419 at *2 (D.D.C. Feb. 26, 2020) ("Litigants before this Court are not only expected to follow its Local Rules, they are 'duty bound' to do so.").

This Court should therefore follow the same procedures used at the initial sentencing. Here, the defendant's underlying felony conviction triggered the mandatory presence provision in Rule 43 and the defendant appeared in person at the initial sentencing. Indeed, the procedures at sentencing generally do not provide for appearance by video conference. Several courts have held

that sentencings may not proceed by video conference unless Rule 43(b) applies. *See United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) ("Consistent with the results reached by our sister circuits, we agree that a district court may not conduct a sentencing hearing by video conference"); *United States v. Torres–Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002) ("video conferencing for sentencing is not within the scope of a district court's discretion"); *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir.2001) ("We conclude that the plain text of Rule 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise."); *United States v. Jones*, 410 F. Supp. 2d 1026, 1030-31 (D.N.M. 2005) (holding that Rule 43 does not permit sentencing by video conferencing even if the defendant consents to appear virtually). Because Rule 43(b) does not apply, and the defendant appeared in person at the initial sentencing, the Court should hold the revocation hearing and re-sentencing in person.

The only circuit case to consider the right to appear under Rule 32.1(b)(2) is *United States v. Thompson*, 599 F.3d 595 (7th Cir. 2010). In *Thompson*, the parties appeared for a revocation hearing in Rockford, Illinois, but the judge appeared by video teleconference from a courtroom in Key West, Florida. The defendant objected and later appealed his sentence challenging the judge's decision to conduct the revocation hearing by teleconference. The Seventh Circuit held that Rule 43, which requires the physical presence of the defendant the courtroom, "is inapplicable to supervised-release revocation hearings." *Id.* at 599. The Seventh Circuit went on to hold, however, that "the 'appearance' mandated by Rule 32.1(b)(2) requires the defendant and the judge to be physically present in the same courtroom." *Id.*  According to the Seventh Circuit, "appearing before the court allows the defendant to plead his case *personally* to the judge who will decide whether to revoke supervised release and return him to prison. This is particularly true in light of the defendant's right to 'make a statement and present any information in mitigation.'" *Id.*

3

(emphasis in original) (quoting Fed. R. Crim. P. 32.1(b)(2)(E)). This interpretation "comports with the traditional legal understanding of a person's 'appearance' before a court when his liberty is at stake in the proceeding; in this situation, to 'appear' has generally been understood to require the defendant to come personally before a judicial officer." *Id.* at 600.[1] The court concluded that the "opportunity to appear" in Rule 32.1(b)(2) "exclude[s] an 'appearance' by videoconference." *Id.* at 601.

*Thompson* may be distinguishable in that it was the judge, not the defendant, who appeared virtually over the defendant's objection. But *Thompson* still stands for the general proposition that the defendant should appear in person if he exercises his right to allocution or to present information in mitigation. Conducting the proceeding in person "permits the judge to experience 'those impressions gleaned through any personal confrontation in which one attempts to assess the credibility or to evaluate the true moral fiber of another.'" *Thompson*, 599 F.3d at 599 (quoting *Del Piano v. United States*, 575 F.2d 1066, 1069 (3d Cir.1978)). And it reflects the seriousness of the proceeding since the defendant's liberty is at stake.

Finally, the defendant mentions that this Court previously allowed video conferencing for supervised release proceedings under its CARES Act authority. But that authority expired on May 10, 2023. *See In re Expiration of CARES Act Authorization for Use of Video and Teleconferencing Technology For Certain Criminal and Juvenile Delinquency Proceedings*, Standing Order No. 23-26 (JEB) (D.D.C. May 5, 2023).

---

[1] The Seventh Circuit concluded that a violation of Rule 32.1 is subject to harmless-error analysis and remanded the case to determine if the error affected the outcome. In doing so, the Seventh Circuit warned that "the judge's absence from the courtroom materially changes the character of the proceeding" and the government "bears a heavy burden in showing that such a significant procedural shift was harmless." *Id.* at 601.

For these reasons, this Court should deny the defendant's motion to appear virtually at the final revocation hearing. The Court should conduct the revocation hearing and re-sentencing in person.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/ *Jake E. Struebing*
    Jake E. Struebing
    Assistant United States Attorney
    D.C. Bar No. 1673297
    U.S. Attorney's Office for the District of Columbia
    601 D Street, N.W.
    Washington, D.C. 20530
    Phone: (202) 252-6931
    Email: Jake.Struebing@usdoj.gov